## The District Court of the 21st Judicial District.
## County of Ravalli.

STATE OF MONTANA,
    Plaintiff,                              CAUSE NO. DC-11-35
vs.                                      DECISION
BRUCE ALLEN THORNTON,
    Defendant.

On December 3, 2012, the Defendant was sentence for Aggravated Assault, a felony, in violation of Section 45-5-202, MCA, committed to the Department of Corrections for a period of Twenty (20) years, with Fifteen (15) years of the sentenced suspended on conditions stated in the 2nd Amended Judgment; Defendant shall serve the first 180 days of this Twenty (20) year sentence in the Ravalli County Detention Center; and sentenced for Assault With a Weapon, a felony, in violation of Section 45-5-213(1)(b), MCA, committed to the Department of Corrections for a period of Twenty (20) years with Twenty (20) years suspended on conditions stated in the 2nd Amended Judgment; Defendant shall serve the first 180 days of this Twenty (20) year sentence in the Ravalli County Detention Center; this sentence shall run consecutively with the sentence in Charge #1 above; and other terms and conditions outlined in the 2nd Amended Judgment on January 24, 2013.

On November 7, 2013, the Defendant's Application for review of that sentence was heard by the Sentence Review Division of the Montana Supreme Court (hereafter "the Division").

The Defendant was present and was represented by Ed Sheehy, Jr., Montana Office of Public Defender. The State was represented by Angela Wetzsteon, Deputy County Attorney for Ravalli County.

Before hearing the Application, the Defendant was advised that the Division has the authority not only to reduce the sentence or affirm it, but also increase it. The Defendant was further advised that there is no appeal from a decision of the Division. The Defendant acknowledged that he understood this and stated that he wished to proceed.

Rule 17 of the Rules of the Sentence Review Division of the Supreme Court of Montana provides that, "The sentence imposed by the District Court is presumed correct, and the sentence will not be reduced or increased unless it is deemed clearly inadequate or excessive." (Section 46-18-904(3), MCA).

The majority of the Division finds that the reasons advanced for modification are insufficient to hold that the sentence imposed by the District Court is inadequate or excessive.

Therefore, it is decision of the Division that the sentence shall be

AFFIRMED.

Done in open Court this 7th day of November, 2013.
DATED this 12th day of December, 2013.
Chairperson, Hon. Loren Tucker and Member Hon. Kathy Seeley.
Hon. Bradley G. Newman respectfully dissents. He would increase the sentence as requested by the State (Deputy County Attorney Angela Wetzsteon). The sentence was clearly inadequate to address the repeated nature of Defendant's violent crimes against other person.
Member, Hon. Bradley G. Newman.